## Lyman & al. versus Parker and Mason as his trustee.

In the process of foreign attachment, when the party summoned as trustee has pleaded that he has no goods, &c., unless it should be otherwise adjudged upon his disclosure, his refusal to answer an interrogatory, (the Court having neither ordered, nor been called upon to order, that he should answer it,) will not charge him as trustee, unless the question have a tendency to elicit some fact, relative to the issue.

On EXCEPTIONS from the District Court, COLE, J.

Mason pleaded that he had in his hands and possession no goods, effects or credits of the defendant, unless it should be otherwise adjudged upon his answers to the interrogatories which might be put to him, and therefore submitted himself to examination upon oath.

The interrogatories were thirty-six in number. A part of them he declined to answer. The Court neither gave, nor was called upon to give, any order that he should answer them.

Being charged as trustee he excepted. The decision con-

sisted chiefly in comparing and reconciling the facts stated in the disclosure. The only *legal question* decided, may be gathered from the following extract of the opinion, read by

TENNEY, J. — Certain questions were put to Mason, while he was making his disclosure, which he declined answering, under the advice of counsel. It is not perceived that the questions had any legitimate tendency to elicit facts relevant to the question, whether Mason was trustee or not. There was no order of Court that he should answer those questions, nor was any such order sought by the plaintiffs.

*Exceptions sustained.*

*Trustee discharged.*

*D. Goodenow*, for the plaintiffs.

*N. D. Appleton*, for the supposed trustee.